IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PRESTON KYLE COCKERELL,

    Plaintiff,

  v.                                            No. CIV 12-0658 RB/KBM

MAJOR MORRIS,
GCCF CERT TEAM,
NEW MEXICO DEPT. OF CORRECTIONS,
SANDRA HOPKINS--MEDICAL STAFF,
ROSE KEATON--MEDICAL STAFF,
GCCF MEDICAL SERVICES,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint raises claims under the Eighth and Fourteenth Amendments. Plaintiff alleges that his "entire pod was fogged out with a pepper fogger." The chemicals caused him serious respiratory and skin injuries, in part because officers refused to allow the inmates to wash off the spray. Prison medical staff allegedly failed to provide treatment for Plaintiff's injuries. Plaintiff also asserts that Defendant Corrections Department failed to investigate prior abuses and to provide proper training. For relief, the complaint asks for damages and certain equitable relief.

Of the named Defendants, only Major Morris is identified as having personal involvement in the pepper spray incident. The complaint thus contains no allegations against Defendant Bravo affirmatively linking him to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Furthermore, the allegations of failure to investigate and to train officers are conclusory and without any factual support, especially in light of the allegation that Defendant Morris ordered the fogging.

Plaintiff also names as Defendants a "CERT Team" and New Mexico Dept. of Corrections. These state agency Defendants "do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. State of Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010). The Court will dismiss Plaintiff's claims against Defendants

Bravo, CERT Team, and Department of Corrections.

For his medical claim, Plaintiff identifies two individuals who allegedly denied treatment, and he also names as Defendant GCCF Medical Services. As noted above, this unit of the state Corrections Department is not a "person," *Buchanan*, 398 F. App'x at 342, for § 1983 purposes. The Court will dismiss Plaintiff's claims against Defendant GCCF Medical Services.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Bravo, GCCF CERT Team, New Mexico Dept. of Corrections, and GCCF Medical Services are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Morris, Hopkins, and Keaton.

_____
UNITED STATES DISTRICT JUDGE